IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JIPING RIZK, | : | |
| Plaintiff, | : | Case No. 2:16-CV-1077 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| DEFENSE FINANCING AND ACCOUNTING SERVICES, | : | Magistrate Judge Jolson |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff's Motion, construed either as a Motion to Reconsider or a Motion to Amend. (ECF No. 23). For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

Plaintiff, a former employee of the Department of Defense Financing and Accounting Services (DFAS), failed to obtain the necessary security clearance. (ECF No. 6 at 5). As a result, the Department of Defense Consolidated Adjudication Facility (CAF) proposed and achieved her removal from employment. (ECF No. 14-1 at 3). Plaintiff appealed CAF's final order to the Merit Systems Protection Board (MSPB), which affirmed the agency's decision. (ECF No. 14-1 at 6-7).

On November 10, 2016, Plaintiff initiated this action by filing two motions to proceed *in forma pauperis* and requesting that the Court appoint her counsel. (*See* ECF Nos. 1-4). This Court granted the motion to proceed *in forma pauperis* but denied the motion to appoint counsel, docketing Plaintiff's Complaint on November 17, 2016. (*See* ECF Nos. 5 & 6). On March 21, 2018, this Court granted Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18). This Court also granted Plaintiff leave to amend her Complaint and judgment was entered that same day. (*Id.*at 5). Rather than amending her complaint, however, Plaintiff filed an additional motion to appoint counsel on April 11, 2018. (ECF No. 21). On June 5, 2018, Plaintiff also filed what this Court construes either as a Motion for Reconsideration or a Motion to Amend. (ECF No. 23).

## II.  LAW & ANALYSIS

### A.  Motion to Reconsider

If construed as a motion to reconsider, Plaintiff appears to reassert that the denial of her security clearance by DFAS was unjustified, a claim that this Court dismissed on March 21, 2018. (ECF No. 18).

Under Federal Rule of Civil Procedure 59(e), a court will reconsider its own prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F.Supp.2d 895, 900 (S.D. Ohio 2003). Courts may also alter or amend a judgment when necessary "to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Reconsideration due to a finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, 2006 WL 3483964, at *2 (S.D. Ohio 2006) (*citing Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)). Even for motions to reconsider interlocutory orders, courts respect the importance of "grant[ing] some measure of finality ... and [of] discourag[ing] the filing of endless motions for reconsideration" in applying the relevant criteria. *Id*. A motion under Rule 59(e) may not be brought to relitigate issues

previously considered by a court or to present evidence that could have been raised earlier. *See J.P. v. Taft*, 2006 WL 689091, at *3 (S.D. Ohio 2006).

As an initial matter, Defendant opposes Plaintiff's Motion to Reconsider as untimely. (ECF No. 25). Pursuant to Federal Rule of Civil Procedure 59(e), a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Here, this Court entered final judgment on March 21, 2018. (ECF No. 18). In order to have been timely filed, Plaintiff's motion must have been filed by April 30, 2018. Instead, her motion was filed more than a month later on June 5, 2018 and therefore was not timely filed under Federal Rule of Civil Procedure 59(e). (ECF No. 23).

Despite the untimeliness of Plaintiff's motion, Plaintiff failed to demonstrate that her claim should be reconsidered by this Court. (ECF No. 23). Plaintiff appears to reassert that the denial of her security clearance by DFAS was unjustified, a claim which this Court dismissed without prejudice on March 21, 2018. (ECF No. 18). In its order of dismissal, this Court found Plaintiff's claim to fail under Title VII, but dismissed the claim without prejudice and granted Plaintiff leave to amend her complaint. (ECF No. 18).

To the extent that Plaintiff's Motion is a motion to reconsider, she does not allege that there was a clear error of law, she does not bring forward any newly discovered evidence previously unavailable, nor does she argue an intervening change in controlling law. (ECF Nos. 23 & 26). Moreover, Plaintiff cannot demonstrate a "manifest injustice" from the failure of the Court to address her claim, because this Court did address the denial of her security clearance in its order on March 21, 2018. (ECF No. 18). Reconsideration under Rule 59(e) does not serve as a means to merely relitigate issues already considered and as such, Plaintiff's Motion to Reconsider is **DENIED**.

### B. Motion to Amend

Alternatively, if construed as a Motion to Amend, Plaintiff appears to assert that DFAS violated the Civil Service Reform Act (CSRA) of 1978 by denying her a security clearance, which ultimately led to her employment termination. (ECF No. 23 at 5).

CSRA provides a "framework for evaluating adverse personnel actions against [federal employees]," including, among other adverse actions, removal from employment. *U.S. v. Fausto*, 484 U.S. 439, 443 (1988); 5 U.S.C. § 7512. In doing so, it sets forth "the protections and remedies applicable to such action, including the availability of administrative and judicial review." *Id.* Under CSRA, an employee is entitled to receive notice, have representation, an opportunity to respond, as well as a reasoned decision from her agency. 5 U.S.C. § 7513; *Elgin v. Dep't of Treasury*, 567 U.S. 1, 6 (2012). If the agency takes a final adverse action, the employee may request a hearing before the MSPB. 5 U.S.C. § 7513(d); *Elgin*, 567 U.S. at 6. The MSPB has authority to "order relief to prevailing employees, including reinstatement, backpay, and attorney's fees." 5 U.S.C. § 1204(a)(2); *Elgin*, 567 U.S. at 6. If the MSPB denies the employee relief, the employee may appeal MSPB's final order to United States Court of Appeals for the Federal Circuit. 5 U.S.C. §7703. Certainly, "[t]he Federal Circuit has 'exclusive jurisdiction' over appeals from a final decision of MSPB." 5 U.S.C. § 1295(a)(9); *Elgin*, 567 U.S. at 6.

Here, Plaintiff appears to assert that the denial of a security clearance and subsequent removal from her position at DFAS was in violation of CSRA. (ECF No. 23 at 5). Plaintiff initially challenged the denial of her security clearance before the CAF, which issued a final decision denying Plaintiff's eligibility for a security clearance. (ECF No. 14-1 at 2-3). Plaintiff appealed CAF's final order to the MSPB, which determined that the agency followed the procedural requirements in processing her removal and upheld the agency's decision. (ECF No.

14-1 at 7). If Plaintiff seeks a review of the MSPB final order, review must be sought in the United States Court of Appeals for the Federal Circuit. Under CSRA, this Court does not have jurisdiction to review MSPB and as such, this claim is **DENIED**.

### III. CONCLUSION

For the reasons above, Plaintiff's motion, whether construed as a Motion to Reconsider or a Motion to Amend, is **DENIED**.

**IT IS SO ORDERED.**

                                              **s/Algenon L. Marbley**
                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT JUDGE**

**DATED: March 29, 2019**